UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN DATIS,

Petitioner,

v.

LAURA HERMOSILLO, et al.,

Respondents.

Case No. 2:26-cv-01896-TMC

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Petitioner Jonathan Datis, a 25-year-old citizen of Haiti, entered the United States on May 24, 2023 at a port of entry in Hidalgo, Texas. Dkt. 10 ¶ 4; Dkt. 11-1 at 2. He claimed fear of returning to his home country and requested asylum in the United States. Dkt. 10 ¶ 4. The government served Petitioner with a Notice to Appear charging him with being inadmissible but paroled him into the country under 8 U.S.C. § 1182(d)(5). *Id*.; Dkt. 9 at 8.

On November 22, 2025, the Multnomah County (Oregon) Sheriff's Office arrested Petitioner on a charge of misdemeanor reckless driving; that case remains pending. Dkt. 10 ¶ 8. On January 2, 2026, the Gresham Police Department in Gresham, Oregon, arrested Petitioner on charges of assault in the fourth degree and interference with making an arrest. *Id*. ¶ 9. These charges were later dismissed. *Id*.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

On January 15, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner in a targeted enforcement operation in Portland, Oregon. Dkt. 10 ¶ 10. ICE transferred Petitioner to the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington where he has remained. *Id*. ¶ 22. On March 24, 2026, an immigration judge ("IJ") denied Petitioner bond on the ground that she lacked jurisdiction to consider bond because Petitioner's detention was mandatory. Dkt. 11-2 at 2. On April 13, 2026, the Tacoma Immigration Court denied Petitioner's application for relief from removal and ordered him deported to Haiti. Dkt. 10 ¶ 14. On April 21, Petitioner appealed this order to the Board of Immigration Appeals; a decision is pending. *Id*.

On June 4, Petitioner filed this petition for writ of habeas corpus. Dkt. 5. On June 19, Respondents filed a return to the habeas petition. Dkt. 9. On June 29, six days after the deadline set by the Court's scheduling order, *see* Dkt. 7, Petitioner filed a traverse. Dkt. 12. Because Petitioner is representing himself and mail in and out of the NWIPC is often delayed, the Court will consider his traverse. The habeas petition is now ready for the Court's review. For the reasons set forth below, the Court DENIES the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

In his petition, Petitioner argues that he belongs to the Bond Denial Class established in *Rodriguez Vazquez* and is entitled to a bond hearing before an IJ. Dkt. 5 at 3. Respondents counter that Petitioner does not meet the criteria to be a member of the *Rodriguez Vazquez* class because (1) he was apprehended at the border; and (2) he is detained under 8 U.S.C. § 1225(b). Dkt. 9 at 8. The first reason is undisputed. Respondents submit as an exhibit the I-213 "Record of Deportable/Inadmissible Alien" showing that on May 24, 2023, Petitioner was "encountered by [Customs and Border Patrol] at the Hidalgo [port of entry] without documents sufficient for lawful entry into the United States." Dkt. 11-1 at 3. This account is not challenged by Petitioner and renders Petitioner ineligible for membership in the Bond Denial Class.

But the fact that Petitioner is not a Bond Denial Class member does not prevent him from seeking habeas relief on similar legal grounds. *See Del Valle Castillo v. Wamsley*, No. 2:25-cv-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025). Even though Petitioner was apprehended on arrival, his individual factual circumstances might demonstrate that he is currently subject to detention under § 1226(a), not § 1225(b) as argued by Respondents. *Id*. The relevant inquiry is "the government's treatment of the petitioner seeking habeas relief: where a

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

petitioner has been treated by Respondents as subject to discretionary detention under section 1226, rather than mandatory detention under section 1225, the former is more likely to apply." *Id.* (internal quotes and citations omitted).

Here, as the Court observed about a similarly situated petitioner in *Pantoja Sanchez v. Hernandez*, Case No. 2:26-cv-00884-TMC, 2026 WL 1506130 (W.D. Wash. May 29, 2026), the fact that petitioner was released on humanitarian parole undermines any claim that the government treated him as subject to discretionary detention. Instead, it reveals that the government reserved the right to continue to treat him as if "stopped at the border, notwithstanding the fact that he lived in this country for . . . years before being re-apprehended." *Id.* at *6 (internal quotes omitted). Petitioner's parole status also distinguishes him from the petitioners in *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1318 (W.D. Wash. 2025) and similar cases, who after apprehension were released through a conditional order of recognizance (OREC) under § 1226(a). Individuals released under those conditions have a protected interest in their continued liberty, *see id.* at 1321–22, whereas the statutory restrictions for humanitarian parole do not create the same expectation.

Petitioner also moves to strike the declaration filed by counsel for Respondents on the ground that counsel "has a financial interest in this action and does not have the best interest in presenting the truth . . . ." Dkt. 13 at 1. The motion (Dkt. 13) is unsupported by any evidence and is DENIED. Because Petitioner has not shown that his detention is unlawful, he is not entitled to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.   The petition for writ of habeas corpus (Dkt. 5) is DENIED.

2.   The motion to strike (Dkt. 13) is DENIED.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4

3.       The motion to appoint counsel (Dkt. 6) is DENIED as moot.

Dated this 15th day of July, 2026.

Tiffany M. Cartwright
United States District Judge